UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL MCLELAND, Individually and for Others Similarly Situated, | CASE NO. 5:14-cv-1117 |
| *Plaintiff,* | JURY TRIAL DEMANDED |
| v. | |
| 1845 OIL FIELD SERVICES, | COLLECTIVE ACTION |
| *Defendant.* | |

**MCLELAND'S OPPOSITION TO 1845 OIL FIELD'S MOTIONS TO DISMISS**

**1.    Summary.**

It would seem clear that McLeland's FLSA claim gives this Court subject matter jurisdiction. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003) (citing 29 U.S.C. § 216(b) and 28 U.S.C. § 1331). But 1845 Oil thinks because it says McLeland (and the other sand coordinators) come within the FLSA's Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), this Court lacks subject matter jurisdiction over McLeland's claim. That's wrong. 1845 Oil's Motor Carrier Act exemption defense to McLeland's FLSA claim merely presents a question on the merits, not jurisdiction.

This Court also has supplemental jurisdiction over McLeland's state law claims. Like his FLSA claims, McLeland's New Mexico Minimum Wage Act (NMMWA) claims require him to show he worked more than 40 hours in a workweek for 1845 Oil but did not receive overtime pay. *Compare* 29 U.S.C. § 207(a); N.M. Stat. Ann. § 50-4-22(D). As such, the claims arise "from a common nucleus of operative fact." *See United Mine Works of Am. v. Gibbs,* 383 U.S. 715, 625 (1966). The exercise of supplemental jurisdiction is therefore appropriate. 28 U.S.C. § 1367(a); *Jacob v. Duane Reade, Inc.*, No. 13-3873-CV, 2015 WL 525697, at *1 (2d Cir. Feb. 10, 2015) (because plaintiffs' FLSA claims conferred

federal-question jurisdiction, the district court had supplemental jurisdiction over the plaintiffs' state law claims). In sum, McLeland's FLSA claim is expressly authorized by a federal statute, this Court has subject matter jurisdiction over all his claims, and 1845 Oil's motions to dismiss fail.

2. **1845 Oils Affirmative Defense is a Question of Merits, Not Jurisdiction.**

   A. **The FLSA's Requirements and Exemptions Thereto.**

The FLSA was designed to ensure "'all our able-bodied working men and women a fair day's pay for a fair day's work.'" *A.H. Phillips v. Walling*, 324 U.S. 490, 493 (1945) (quoting Message of President Franklin D. Roosevelt to Congress, May 24, 1934); *see also Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) ("The principal congressional purpose in enacting the . . . [FLSA] was to protect all covered workers from substandard wages and oppressive working hours."). The Supreme Court has held that this "broad remedial goal of the statute should be enforced to the full extent of its terms." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

To that end, the FLSA authorizes a private right of action against employers who fail to pay according to its terms. 29 U.S.C. § 216(b). While there are certain exemptions from the FLSA's overtime requirements, these exemptions are affirmative defenses on which 1845 Oil would bear the burden of proof. *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 711 (S.D. Tex. 2014) (Motor Carrier Act exemption is an affirmative defense). And exemptions to FLSA coverage "must . . . be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress." *A.H. Phillips*, 324 U.S. at 493. In other words, FLSA rights extend to all workers employed except those who "plainly and unmistakably" fall outside of its ambit. *See Citicorp Indus. Credit Corp. v. Brock*, 483 U.S. 27, 36 (1987); *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *A.H. Phillips*, 324 U.S. at 493; *Meza*

*v. Intelligent Mexican Mktg., Inc.,* 720 F.3d 577, 581 (5th Cir. 2013) ("The employer must prove facts by a preponderance of the evidence that show the exemption is 'plainly and unmistakably' applicable.").

### B.  The Motor Carrier Act Exemption is Not "Jurisdictional."

The Supreme Court applies a "readily administrable bright line" standard for determining whether a statute's provision is a jurisdictional requirement. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 344 (5th Cir. 2014). Unless Congress "specifically designated" a statutory limitation on coverage as jurisdictional, courts should treat it as "nonjurisdictional in character." *Id.* (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). The FLSA does not specifically — or even generally — designate the Motor Carrier Act exemption as jurisdictional. 29 U.S.C. § 213(b)(1). Thus, "a Rule 12(b)(1) motion for lack of subject matter jurisdiction is not the appropriate procedural device" for asserting the FLSA's Motor Carrier Act exemption. *Casares v. Henry Limousine Ltd.*, No. 09 CIV. 458 (NRB), 2009 WL 3398209, at *1 (S.D.N.Y. Oct. 21, 2009) (collecting cases).[1]

Unfortunately, clear precedent didn't stop 1845 Oil from filing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the grounds its "Sand Coordinators qualify for the exemption under the Motor Carrier Act[.]"[2] *See* Dkt. 15 at p. 3. However, a "claim invoking federal question jurisdiction may also be dismissed for want of subject matter jurisdiction if it is not colorable, that is, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and

---

[1]   Since subject matter jurisdiction cannot be waiver, the fact FLSA exemption defenses are subject to waiver confirms they are not "jurisdictional" in the relevant sense. *See, e.g., Diaz v. Jaguar Rest. Grp., LLC*, 627 F.3d 1212, 1214-15 (11th Cir. 2010); *Sejour v. Steven Davis Farms, LLC*, 28 F.Supp. 3d 1216, 1224 (N.D. Fla. July 1, 2014) ("a claim of [FLSA] exemption is an affirmative defense that must be specifically pled or it will be deemed waived").

[2]   Nor did the fact that 1845 Oil's job description refers to the sand coordinators as "**FLSA Status:NonExempt**[.]" *See* Dkt. 15-1 at Exhibit 1-A (Sand Coordinator Job Description).

frivolous.'" *Jackson v. Crystal*, No. EP-12-CV-85-PRM, 2012 WL 930800, at *2 (W.D. Tex. Mar. 19, 2012) (quoting *Arbaugh*, 546 U.S. at 516). And an FLSA claim for an oil-field worker putting in 80+ hours a week while being paid a day-rate with no overtime ain't frivolous or insubstantial. *See* Dkt. 1. Therefore, 1845 Oil's Rule 12(b)(1) motion is not the appropriate means for asserting its exemption defense.

**3.    1845 Oil Failed to Establish the Motor Carrier Act Applies.**

1845 Oil says this case should be dismissed for lack of jurisdiction because its sand coordinators are exempt "loaders" and/or "drivers' helpers" covered by the Motor Carrier Act. *See* Dkt. 15 at p. 4. As discussed more below, it would be improper to require McLeland to respond to 1845 Oil's factual allegations prior to discovery. However, even a cursory review of 1845 Oil's evidence demonstrates it failed to establish its Motor Carrier Act exemption defense.

**A.    1845 Oil Failed to Show Anything Was Transported "on the Public Highways" or in "Interstate Commerce."**

For the Motor Carrier Act exemption to even potentially apply to a group of workers, the employer must demonstrate the Secretary of Transportation has the power to establish rules governing the workers' "maximum hours and qualifications of service[.]" *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 472 (5th Cir. 2010). Among other things, this means the employer must show the employees "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation **on the public highways** of passengers or property **in interstate or foreign commerce** within the meaning of the Motor Carrier Act." *Id.* (emphasis added).

But despite bearing the burden of proof, 1845 Oil never offers any evidence that *any* motor vehicle ever transported *anything* on a "public highway" or "interstate." (much less a vehicle McLeland performed safety affecting duties on). To be sure, 1845 Oil cites the "Affidavit of Jeremy Mauldin" to

claim its "sand is sourced nationally and delivered to drill sites throughout Texas, New Mexico[,] and other states." *See* Dkt. 15, p. 4. But Mr. Mauldin makes no statements whatsoever regarding where the sand is sourced (or, for that matter, whether it is delivered in Texas, New Mexico, or anywhere else). *See* Dkt. 15-1, Mauldin Affidavit, *passim*. He certainly never testifies that anything was transported on a "public highway" or that it traveled "in interstate commerce." In the absence of proof that anything was being transported "on the public highways" **or** "in interstate commerce," 1845 Oil's Motor Carrier Act exemption never gets out of the gate. But 1845 Oil's motion to dismiss fails for other reasons too.

### B. 1845 Oil's Failed to Establish Its Sand Coordinators are "Loaders."

"A 'loader,' as defined for Motor Carrier Act jurisdiction … is an employee … (other than a driver or driver's helper …) whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." *See* 29 C.F.R. § 782.5(a). To be exempt, a loader must exercise "**judgment and discretion** in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." *Id.* (emphasis added). The Motor Carrier Act "overtime exemption **does not** apply to employees not engaged in "safety affecting activities", such as … those who **unload vehicles**, or those who load but are not responsible for the proper loading of the vehicle." *See, e.g.,* Dept. of Labor Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA)[3]; 29 C.F.R. § 782.5(c) (Unloading "provide[s] no basis for exemption").

---

[3]      Available at: http://www.dol.gov/whd/regs/compliance/whdfs19.htm

To begin, 1845 Oil doesn't provide any evidence that sand coordinators "load" anything. *See* Dkt. 15-1, Mauldin Affidavit, *passim*. And 1845 Oil's job description states only that a sand coordinator "hooks and unhooks trucks to be loaded." *Id.*, 1845 Job Description. But even if it had provided some evidence that these workers "load," 1845 Oil admits its sand coordinators "are **not** required to exercise independent discretion and judgment." *See* Dkt. 16 (Answer) at ¶ 21. And, as noted above, 1845 Oil failed to establish that any vehicle is "operated on the highways of the country" or that anything was transported "in interstate commerce." 29 C.F.R. § 782.5(a). So despite claiming its sand coordinators are "loaders," 1845 Oil fails to establish even the most basic elements of that affirmative defense.

### C. 1845 Oil's Failed to Demonstrate Its Sand Coordinators are Driver's Helpers.

A "driver's 'helper' … is an employee **other than a driver**, who is required to **ride** on a motor vehicle **when it is being operated** in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.4(a). However, 1845 Oil's evidence does not demonstrate – or even suggest – that sand coordinators "ride" on any vehicles, let alone that they do so when the vehicles are "being operated in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Id.*; Dkt. 15-1, passim. While 1845 Oil's job description states its "NonExempt" sand coordinators may "[b]ack trucks on location," this doesn't aid 1845 Oil's "driver's helper" argument. *See* Dkt. 15-1, 1845 Job Description. "Nothing in the record indicates that … [1845 Oil] required [sand coordinators] to ride on any vehicles that were operated in interstate or foreign commerce as defined by the MCA[.]"*See, e.g., Billingslea v. S. Freight, Inc.*, 699 F. Supp. 2d 1369, 1377 (N.D. Ga. 2010). So, even based on 1845 Oil's pre-discovery version of events, its Motor Carrier Act defense fails.

### D. Summary Judgment is Appropriately Entered Against 1845 Oil.

Rule 56 is designed to facilitate prompt disposition of cases where there are no genuine issues of material fact for the court to consider. *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.,* 129 F.3d 781, 786 (5th Cir.1997). To that end, "district courts . . . possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). A party which seeks summary judgment is on notice that she must come forward with all of her evidence. *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 145 n. 29 (5th Cir. 2004); *British Caledonian Airways Ltd v. First State Bank of Bedford, Tex.,* 819 F.2d 593, 595 (5th Cir.1987)(filing a summary judgment "opens the door" to a grant summary judgment in favor of the non-movant.). Thus, "Rule 56 [encourages] a court, under proper conditions, to grant relief to that party which is entitled to such even if it has not been demanded." *American Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004).

Here, 1845 Oil sought a judgment finding McLeland was covered by the Motor Carrier Act. *See* Dkt. 15. It was, therefore, on notice it needed to establish all the elements of this defense. *General Universal Systems, Inc.*, 379 F.3d at 145 n. 29. But, as discussed above, it failed to do so. Therefore, this Court could appropriately enter summary judgment against 1845 Oil.

### 4. McLeland Should Be Permitted Discovery.

Even if 1845 Oil's exemption defense was somehow "jurisdictional" (and it isn't), jurisdictional issues that require factual determinations dictate that "an adequate opportunity to conduct discovery" be allowed. *In re Eckstein Marine Service L.L.C.,* 672 F.3d 310, 320 (5th Cir.2012). Assuming 1845 Oil's jurisdictional argument has any traction at all (and it doesn't), McLeland should be permitted adequate time for discovery to respond to 1845 Oil's assertion of the Motor Carrier Act exemption. *Walding v.*

*United States*, No. CIV.A. SA08CA124-XR, 2009 WL 902423, at *5 (W.D. Tex. Mar. 31, 2009) ("Plaintiffs cannot be denied an opportunity for discovery that is appropriate to the nature of the motion to dismiss."). For example, McLeland should be permitted to discover what "vehicles" 1845 Oil claims he rode on while the vehicle was "being operated in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.4(a). He should also be permitted to discovery why 1845 Oil's own job description identifies sand coordinators' "FLSA Status" as "NonExempt." *See* Dkt. 15-1, 1845 Job Description.

After all, summary judgment is appropriate only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is only "in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *See Hellstrom v. U.S. Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Thus, "[s]ummary judgment should not ordinarily be granted before discovery has been completed." *Travelers Prop. Cas. Co. of Am. v. Dillard's Inc.*, 2008 WL 886099, at *2 (S.D. Miss. Mar. 28, 2008) (citing *Alabama Farm Bureau Mutual Cas. Co., Inc. v. American Fidelity Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir.1979)).

**5.     This Court Has Supplemental Jurisdiction Over McLeland's State Law Claims.**

   **A. The FLSA Does Not Preempt State Laws that Are More Favorable to Employees.**

1845 Oil acts as if the FLSA preempts state wage and hours that are more stringent than the FLSA. *See* Dkt. 15 at pp. 5-7. But, of course, the FLSA does just the opposite. *See* 29 U.S.C. § 218(a). So the FLSA's "savings clause" protects workers' state law claims from preemption. *See, e.g., Smith v. United Parcel Serv., Inc.*, 890 F. Supp. 523, 528-29 (S.D.W. Va. 1995) ("state overtime protection laws apply … to employees exempt from the overtime protections of the FLSA"). And courts have consistently held the FLSA's Motor Carrier Act exemption does *not* preempt state laws governing the payment of wages. *See,*

*e.g., Pettis Moving Co. v. Roberts*, 784 F.2d 439, 440-41 (2d Cir. 1986) (a state overtime law does not conflict with the MCA, "it merely requires that an employer pay time and one-half for all hours over forty that its employees work"). So 1845 Oil's "implied conflict preemption theory" is just a dead bang loser. *Id.*

### B. McLeland's State Law Claims Do Not Predominate.

Like the FLSA, the New Mexico Minimum Wage Act requires employers to pay overtime to employees who work more than 40 hours a week. 29 U.S.C. § 207(a); N.M. Stat. Ann. § 50-4-22(D). Thus, to prevail on his overtime time, McLeland will be required to prove he worked more than 40 hours a week and did not receive overtime pay. As such, both claims "arise from the same set of operative facts," making the assertion of supplemental jurisdiction is appropriate. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 246 (2d Cir. 2011). Where "the state law claims essentially replicate the FLSA claims—they plainly do not predominate." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011); *Lindsay v. Government Employees Ins. Co.,* 448 F.3d 416, 425 (D.C.Cir.2006). Therefore, this Court should should exercise supplemental jurisdiction over McLeland's NMMWA claims rather than creating two wage and hour cases seeking unpaid overtime for the same time worked by the same worker(s).

### 6. Conclusion.

For these reasons, 1845 Oil's motions to dismiss should be denied.[4]

---

[4] Because 1845 Oil served its motion via ECF, this response is clearly timely. *Cf. DTND Sierra Investments, LLC v. Bank of New York Mellon Trust Co.*, No. SA-12-CV-1014-XR, 2013 WL 432923, at *1 (W.D. Tex. Feb. 4, 2013).

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas  77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, HAMPTON, LEEBRON,
BRIGGS & JOSEPHSON, LLP**
1150 Bissonnet
Houston, Texas 77005
(713) 751-0025 [Telephone]
(713) 751-0030 [Fax]
mjosephson@fhl-law.com

**CERTIFICATE OF SERVICE**

I served this document via the Court's ECF system.

_____
Richard J. (Rex) Burch

-10-